IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDDIE L. WILLIS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA NEBRASKA,<br><br>Defendant. | 8:22CV147<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for the appointment of counsel. Filing No. 49. Pursuant to the Progression Order entered on January 31, 2023, discovery is in progress and this matter is presently set for a final pretrial conference on September 14, 2023, with a trial date to be scheduled at that time. Filing No. 32. Upon careful consideration, the Court concludes that Plaintiff and the Court would benefit from the appointment of counsel at this stage in the matter. *See Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011) (A district court may "recruit counsel for an indigent person in appropriate circumstances," 28 U.S.C. § 1915(e)(1), and "[t]he court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants.").

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for the appointment of counsel, Filing No. 49 is granted.

2. With thanks for accepting the appointment, Mr. Kamron Hasan and the law firm of Husch Blackwell are hereby appointed to represent Plaintiff Freddie L. Willis in this matter.[1]

3. Mr. Hasan, and/or any other counsel from the law firm of Husch Blackwell are directed to promptly enter their appearance as counsel in this case.[2]

4. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the law firm of Husch Blackwell.

5. A second and last installment of $1,000 shall become due and payable to the law firm of Husch Blackwell upon the entry of judgment or other closing documents in the case.

6. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(g) and NECivR 54.3-54.4.

7. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

---

[1] The undersigned has been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

[2] The Court notes that Plaintiff filed multiple motions including discovery matters which are currently pending. *See* Filing No. 27; Filing No. 29; Filing No. 31; Filing No. 35; Filing No. 36; Filing No. 37; Filing No. 38; Filing No. 40; Filing No. 41; Filing No. 44. While a progression order has been entered, Filing No. 32, and discovery is ongoing, the Court anticipates counsel will seek additional time to review the docket including Plaintiff's pending motions, confer with Plaintiff, and to continue the discovery process, and may seek to reopen deadlines which have passed. As such, the Court will abstain from ruling on all pending motions for 30 days to allow counsel time to prepare and to file any motions seeking to modify deadlines set in the Progression Order.

8. Counsel for Plaintiff is appointed to assist Plaintiff with discovery and through trial, if this case proceeds to trial. The appointment will not extend to any appeal after trial.

Dated this 6th day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge