IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDDIE L. WILLIS, | |
| Plaintiff, | 8:22CV147 |
| vs. | |
| CITY OF OMAHA NEBRASKA, | ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (Filing No. 58.) For the reasons explained below, the motion will be granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this suit against the City of Omaha on April 18, 2022. (Filing No. 1.) Plaintiff alleged that an unnamed "police officer traffic cop" conducted a warrantless, manual search of his anal cavity while Plaintiff was in the hospital with stab wounds. (Filing No. 1.) On September 12, 2022, upon initial review, the Court dismissed the Complaint because Plaintiff failed to allege that the officer who allegedly performed the search was acting pursuant to an official policy or unofficial custom of the City of Omaha. (Filing No. 14.) However, the Court granted Plaintiff leave to file an amended complaint to state a plausible claim for relief. Plaintiff filed his Amended Complaint on September 21, 2022, followed later by two Supplements. (Filing Nos. 15, 17, 18.)

On November 21, 2022, the Court conducted an initial review of Plaintiff's Amended Complaint. (Filing No. 19.) The Amended Complaint asserted a 42 U.S.C. § 1983 claim against the City of Omaha for executing an unreasonable warrantless search of Plaintiff's anal cavity,

subjecting him to excessive force, and violating his right to equal protection pursuant to an official policy, custom, and failure to train or supervise. (Filing No. 15.) The Court allowed the action to proceed to service of process against the City of Omaha on Plaintiff's claim that an Omaha police officer's actions in performing an anal-cavity search for drugs pursuant to a City of Omaha policy or custom violated his Fourth Amendment rights. Plaintiff's claims regarding failure to train or supervise, equal protection, and all other claims in the Amended Complaint were dismissed without prejudice. A case progression order was entered on January 31, 2023, setting April 11, 2023 as the deadline to file motions to amend pleadings. (Filing No. 32.)

On March 15, 2023, Plaintiff filed a motion requesting the appointment of counsel. (Filing No. 49.) On April 6, 2023, the Court granted Plaintiff's request. (Filing No. 50.) The Court noted that it would abstain from ruling on pending motions for thirty days to allow Plaintiff's newly appointed counsel time to prepare and to file motions seeking to modify progression deadlines. On May 8, 2023, Plaintiff's counsel filed an unopposed motion to amend the progression order, which was granted. (Filing Nos. 56, 57.) The deadline for motions to amend pleadings was extended to June 5, 2023, and all other case progression deadlines were stayed. (Filing No. 57.) The parties were to confer and submit proposed case progression deadlines to the Court by June 19, 2023. On June 5, 2023, Plaintiff timely filed the instant Motion for Leave to File Second Amended Complaint. (Filing No. 58.)

## DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

The proposed Second Amended Complaint adds two defendants (who are individual police officers), identifies claims against the named individual defendants, and identifies claims against the City of Omaha. Plaintiff argues the proposed Second Amended Complaint does not

2

substantively expand the scope of the currently operative pleading, but only clarifies Plaintiff's legal arguments. The City of Omaha disagrees with Plaintiff's assessment, asserting that the use of force by the individual defendants and failure to intervene are different legal claims. Defendant also argues Plaintiff's request to amend should be denied because medical records and video evidence show that Plaintiff's claims are frivolous and, thus, amendment would be futile.

"When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (quotation omitted). A motion to amend should be dismissed on the merits "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotation omitted). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999).

Here, it is not readily apparent to the Court that amendment would be futile or that the proposed complaint asserts clearly frivolous claims. In evaluating whether leave to amend should be granted, Defendant asks the Court to evaluate the legitimacy of Plaintiff's claims by considering medical and video evidence. However, the evaluation of evidence is not appropriate at this stage. The issue of whether Plaintiff will or will not prevail on his claims "should be determined on the merits rather than as part of a motion to amend." *Doyle v. Eli Lilly & Co.*, No. 8:06CV412, 2008 WL 215802, at *2 (D. Neb. Jan. 24, 2008). Amendment would not result in undue delay or prejudice Defendant. The Court recently appointed counsel for Plaintiff. In doing so, the Court provided Plaintiff's counsel time to familiarize himself with the case. The previously established progression deadlines have been stayed and the parties should be preparing revised progression deadlines to submit to the Court. Thus, this case will not be prejudicially delayed through submission of an amended pleading. Further, permitting Plaintiff's counsel to clarify Plaintiff's pro se pleadings would promote judicial economy.

Accordingly,

4

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Filing No. 58) is granted. Plaintiff shall file the Second Amended Complaint by July 7, 2023. The parties shall submit a joint proposed progression order to bazis@ned.uscourts.gov by 12:00 p.m. on July 14, 2023. The parties' proposal must include all progression deadlines needed to be established in this case.

Dated this 5th day of July, 2023.

                                                 BY THE COURT:

                                                 s/ Susan M. Bazis
                                                 United States Magistrate Judge