IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDDIE L. WILLIS,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITY OF OMAHA NEBRASKA, CHARLES SWEENEY, in his individual capacity; and CORY BILLINGS, in his individual capacity;<br><br>      Defendants. | 8:22CV147<br><br>SECOND AMENDED<br>FINAL PROGRESSION ORDER |

  THIS MATTER is before the Court on Plaintiff's Unopposed Motion to Extend Deadlines. (Filing No. 71.) The motion is granted. Accordingly,

  IT IS ORDERED that the provisions of the Court's previous final progression orders remain in effect, and in addition to those provisions, progression shall be amended as follows:

1)  The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings remains as scheduled and will be held with the undersigned magistrate judge on **February 6, 2024, at 1:00 p.m**. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 64.)

2)  The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff: **November 16, 2023**.
   For the defendant(s): **December 18, 2023**.

4)  The deadlines for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff: **December 18, 2023**
   For the defendant(s): **January 18, 2024**
   Plaintiff's rebuttal: **February 1, 2024**

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

5)  The deadline for discovery, including written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure and depositions, including but not limited to depositions for oral testimony only under Rule 45, is **February 5, 2024**.

   a. The maximum number of depositions that may be taken by the plaintiff and the defendants as a group is 10.
   b. Depositions will be limited by Rule 30(d)(1).

6)  Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **February 19, 2024**

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

7)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **February 19, 2024**.

8)  The deadline for filing motions to dismiss and motions for summary judgment is **March 4, 2024**.

9)  Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

10) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

11) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 17th day of October, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge